



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Adam R. Johnson, Director
Texas Relief Commission
Austin, Texas

Dear Sir:

          Opinion No. 0-702
          Re: (a) Obligation or liability
          of the State of Texas on out-
          standing orders issued by
          Texas Relief Commission to
          merchants for merchandise de-
          liverable to relief clients;
          (b) for checks issued by the
          Commission but not presented
          for payment.

   Your letter of recent date addressed to this office
reads as follows:

    "The Texas Relief Commission, prior to
September, 1936, issued orders to relief
clients drawn on any merchant for merchan-
dise. From 1933 to 1936, orders of this
character amounting to $26,279.79 have never
been presented for payment. The last issue
of these unpresented orders is more than two
years and nine months old.

    "We should like to have your opinion as
to whether or not these disbursing orders are
barred by the Statute of Limitation and as
such can be legally canceled as an obligation
against the Texas Relief Commission.

    "We also have outstanding checks amount-
ing to $3,029.53, all issued prior to July 1,
1936, that have never been presented for pay-
ment. The payees' whereabouts are unknown.



"For lack of diligence on the part of the payees or holders in not presenting these checks for payment or for any other reason, are we privileged to cancel these items as an obligation against the Texas Relief Commission?

"The Texas Relief Commission carries a liability account covering both unpresented disbursing orders and checks and has impounded Texas Relief Commission funds for the liquidation of these items. As none of these checks or disbursing orders has been presented for payment for more than two years with the exception of disbursing orders amounting to a few dollars last December, it is quite remote that authentic demand for payment will ever be made.

"We are in a state of liquidation, the money impounded is needed and final adjustment of this account is imperative, therefore, we shall appreciate very much an early opinion in the premises."

Your letter states the questions submitted. Additional facts have been obtained from you. It appears that the Texas Relief Commission in the administration of the law providing for the distribution of relief funds would allocate each month to the respective counties a portion of said funds. This was done after it had determined the amount needed by each county. It would then send to some bank in a particular county the amount of money allocated to that county to be deposited to the credit of the Texas Relief Commission. The funds so deposited were funds derived from the sale of bonds issued by the State for relief purposes, or funds supplied by the Federal Government for that purpose, or which come from both sources.

Written orders were issued by the Commission for stated amounts to relief clients for merchandise. Such an order could be presented to any merchant for acceptance. If accepted by a merchant, he would take up the order, present it to the Commission's local disbursing officer, who would then draw a check on the local bank and in favor of the merchant for the amount of the merchandise sold to the client. Orders of this character were issued to the amount of



$23,275.79 which have never been accounted for. They were either lost, never taken up by merchants, or, if any were taken up by merchants they have never been presented to the Commission for payment. All of these orders were issued more than two years and nine months ago.

Checks of the character described and amounting to $3,025.53 have never been presented for payment. These checks were all issued prior to June 1, 1936.

You are advised that such of these orders as may have been filled by merchants and all of said outstanding checks are valid obligations of the State of Texas.

You are further advised that our courts have held that the State may invoke a limitation statute as a defense in a suit brought against it, but that limitation would not begin to run in the State's favor until permission to sue it had been granted. Stanley et al v. Schwalby et al (Sup. Ct.) 19 S. W. 264; Whatley v. Patton, 31 S. W. 60; State v. Elliott, 212 S. W. 695, error refused.

Hoping we have given you the information requested, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Bruce W. Bryant*

Bruce W. Bryant
Assistant

BWB-MR APPROVED JUN 29, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN